

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

**FILED**

**October 7, 2015**

**TENNESSEE WORKERS' COMPENSATION APPEALS BOARD**

**Time: 8:00 A.M.**

| | |
|---|---|
| Shawn Caskey | ) Docket No. 2015-04-0038 |
| | ) |
| v. | ) |
| | ) State File No. 3118-2015 |
| Powers Pizza, LLC | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Robert Durham, Judge | ) |

---

### Affirmed and Remanded – Filed October 7, 2015

---

The employee alleges he contracted a skin condition as a result of his employment as a pizza delivery driver. In a petition for benefit determination, he requested that the trial court issue an order for benefits based on a review of the documents submitted without convening a formal hearing. Finding that the employee did not provide sufficient proof that his skin condition is causally related to the employment and that Employee is unlikely to prevail at a hearing on the merits, the trial court issued an interlocutory order denying benefits. The employee has appealed, asserting his skin condition relates to his employment and that he has anxiety that was exacerbated by the workplace. Having carefully reviewed the record, we affirm the trial court's order denying benefits and remand the case for such additional proceedings as may be necessary.

Judge David F. Hensley delivered the opinion of the Appeals Board, in which Judge Marshall L. Davidson, III, and Judge Timothy W. Conner joined.

Shawn Caskey, Cookeville, Tennessee, employee-appellant, pro se

Nicholas S. Akins, Nashville, Tennessee, for the employer-appellee, Powers Pizza, LLC

1

## Factual and Procedural Background

Shawn Caskey ("Employee") began working for Powers Pizza, LLC ("Employer"), as a delivery driver in October 2012. He alleges that on April 23, 2015, which was his last day of work with Employer, he was exposed to scabies in the course of his employment.[1] At approximately 6:00 p.m. on April 23, 2015, Employer's "Operation Support Coach" asked Employee to "turn out" his pockets, purportedly to verify that he was carrying less than twenty dollars in cash in accordance with Employer's policy. Employee refused, and his manager asked him to clock out and go home, which he did. Later that evening, another manager called Employee and asked if he would like to return to work, but Employee declined to do so.

On April 24, 2015, Employee went to Satellite Med, an urgent care and family practice facility in Cookeville, Tennessee, where he was seen by a nurse practitioner. The report of the visit states the chief complaint to be "rash on arms [and] anxiety" and indicates that Employee was prescribed medication. A work excuse from the facility dated April 24, 2015 states that Employee "was seen at Satellite Med today," and to "[p]lease excuse [Employee] from work due to illness until he can be referred to counseling for anger issues." No additional medical records were submitted from Satellite Med, although Employee provided a patient receipt for the April 24, 2015 services that reflects he was treated for "anxiety state, unspecified" and "Scabies." A "Medical Certificate for the purpose of filing for Unemployment Insurance Benefits," dated May 21, 2015, indicates that the nurse practitioner at Satellite Med treated Employee for one visit only on April 24, 2015 for anxiety and that Employee "is no longer under my care." The certificate indicates that Employee's condition was "serious enough to necessitate leaving usual work" until Employee is "released from counseling services." It also includes the question, "[w]as the injury or condition caused by the individual's last period of employment," under which the following response is handwritten: "unknown; however condition was exacerbated at last period of employment."

Employer completed a Separation Notice on May 8, 2015, which stated that Employee "has not shown up for work [and] has been working for one of our competitors." It further stated that "[w]e assumed [sic] he has quit." On May 21, 2015, Employee filed a petition for benefit determination seeking temporary disability and medical benefits as a result of being "diagnosed with Scabies" by the nurse practitioner, which Employee alleged to be related to his employment. The explanation of disputed issues included in his petition states that "[o]n April 24th [2015,] I was diagnosed with

---

[1] The parties have not submitted a transcript of the proceedings in the trial court or a statement of the evidence presented at the expedited hearing. We have gleaned the facts from the documents filed in the trial court, including the trial court's September 11, 2015 order denying benefits.

2

Scabies by [the nurse practitioner] at Satellite Med. This is a workers['] compensation issue due to the fact that it was transferred to me at work."

The parties participated in mediation that did not resolve Employee's claim for benefits, and on July 2, 2015, a Dispute Certification Notice was filed with the Clerk of the Court of Workers' Compensation Claims. Employee subsequently filed a Request for Expedited Hearing on August 25, 2015, wherein he asked that the trial judge issue a ruling based on a review of the file without convening a formal hearing as authorized by Tenn. Comp. R. & Regs. 0800-02-21-.02(13) (2015). Employer did not object to the request for a ruling without a hearing.

After considering all of the evidence submitted and concluding that the court did not need additional information to enter an appropriate order, the trial court issued an order denying benefits, finding that Employee is unlikely to succeed at a hearing on the merits in establishing that his skin condition primarily arose out of the employment. The trial court stated, "[a]t this stage, [Employee] has communicated to [Employer] nothing other than a possible diagnosis of scabies by [the nurse practitioner], and an unsupported allegation that it must be due to his employment." The trial court denied Employee's request for benefits, stating that the nurse practitioner did not provide an opinion "even possibly attributing [Employee's] rash to his employment," and that Employee "did not point to any specific 'time, place, and nature and cause' during his work as a delivery driver where he might have been exposed to scabies." Employee timely filed a notice of appeal asserting that his "skin condition does relate to his employment." The record was filed with the Appeals Board on September 29, 2015.

## Standard of Review

The standard of review to be applied by this Board in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2014). The trial court's decision must be upheld unless the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A)     Violate constitutional or statutory provisions;
(B)     Exceed the statutory authority of the workers' compensation judge;
(C)     Do not comply with lawful procedure;
(D)     Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion;
(E)     Are not supported by evidence that is both substantial and material in the light of the entire record."

3

Tenn. Code Ann. § 50-6-217(a)(3) (2015). Like other courts applying the standards embodied in section 50-6-217(a)(3), we will not disturb the decision of the trial court absent the limited circumstances identified in the statute.

**Analysis**

As a preliminary matter, we first address three documents Employee submitted with his notice of appeal. Employee filed a form styled "Pre-Compensation Hearing Statement," which contains handwritten information concerning his claim. Employee also submitted a wage statement with handwritten entries and a document titled "Affidavit #2" with the notice of appeal. The record in this case does not show that these documents were submitted to the trial court or that they were otherwise available to or considered by the trial court before the order denying benefits was issued, and we refuse to consider them. "Evaluating a trial court's decision on appeal necessarily entails taking into account information that the trial court had before it at the time the issues were decided by the court, as opposed to the potentially open-ended universe of information parties may seek to present on appeal following an adverse decision. Thus, we will not consider on appeal testimony, exhibits, or other materials that were not properly admitted into evidence at the hearing before the trial judge." *Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App. Bd. LEXIS 14, at *13 n. 4 (Tenn. Workers' Comp. App. Bd. May 18, 2015). The issuance of a trial court's interlocutory order based on a review of the documents submitted to the trial court and without convening a formal hearing as contemplated in Tenn. Comp. R. & Regs. 0800-02-21-.02(13) does not alter our refusal to consider documents that were not made available to the trial court.

Turning to the merits of Employee's appeal, Employee did not file a brief or position statement in support of his appeal and failed to articulate in the notice of appeal a statement of the issues on appeal or the basis for relief on appeal beyond the allegation that his skin condition "does relate to his employment."[2] Although an employee need not prove all of the elements of his or her claim by a preponderance of the evidence to obtain relief at an expedited hearing, *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015), an employee is required to "present evidence sufficient for the trial court to conclude that the employee would likely prevail at a hearing on the merits in accordance with the express terms of [Tennessee Code Annotated] section 50-6-239(d)(1)." *Id.* at 9.

Here, the medical records submitted to the trial court do not address the relationship, if any, between Employee's skin condition and his employment. Although

---

[2] Employee additionally asserted in the notice of appeal that Employer's "[s]earch was outside of company policy;" that Employee's "[a]nxiety was exacerbated by workplace;" and that the "[f]irst Separation Notice was undated." The record does not include documents indicating these matters were presented to the trial court, and we refuse to consider them on appeal.

4

"live testimony by a lay witness may influence the trier of fact in the consideration of expert medical proof," *Lambdin v. Goodyear Tire & Rubber Co.*, No. W2013-01597-SC-WCO-WC, 2015 Tenn. LEXIS 94, at *21 (Tenn. Jan. 29, 2015), the trial court heard no live testimony and was not persuaded by the information included in or attached to Employee's affidavit that was designated as an exhibit. As noted by the trial court, the nurse practitioner "never gave an opinion even possibly attributing [Employee's] rash to his employment."[3] Further, the trial court stated that "[i]n his affidavit, [Employee] did not point to any specific 'time, place, and nature and cause' during his work as a delivery driver where he might have been exposed to scabies." Stating that Employee "offered mere speculation and conjecture, which cannot serve as justification for the provision of benefits," the trial court denied the request for benefits. There is "a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2014). We conclude that the evidence in this case does not preponderate against the trial court's conclusions.

## Conclusion

For the foregoing reasons, we hold that the evidence does not preponderate against the trial court's finding that Employee is unlikely to prevail at a hearing on the merits in establishing that his skin condition arose primarily out of and in the course and scope of the employment. We accordingly hold that the trial court correctly denied the requested benefits. Additionally, we find that the trial court's decision does not violate any of the standards identified in Tennessee Code Annotated section 50-6-217(a)(3) (2015). The trial court's decision is affirmed and the case is remanded for such additional proceedings as may be necessary.

**David F. Hensley, Judge**
**Workers' Compensation Appeals Board**

---

[3] Whether the opinion of a nurse practitioner is competent medical evidence of causation is not an issue in this claim. We have included the trial court's statement to emphasize the dearth of information supporting Employee's position.



**FILED**

**October 7, 2015**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 8:00 A.M.**

| | |
|---|---|
| Shawn Caskey ) | Docket No. 2015-04-0038 |
| ) | |
| v. ) | |
| ) | State File No. 31188-2015 |
| Powers Pizza, LLC ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 7th day of October, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Shawn Caskey | | X | | | X | caskeyshawn@gmail.com |
| Nick Akins | | | | | X | nakins@morganakins.com |
| Robert Durham, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov